ARTHUR W. NELSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nelson v. Commissioner
Docket No. 25647-88.
United States Tax Court
T.C. Memo 1989-209; 1989 Tax Ct. Memo LEXIS 209; 57 T.C.M. (CCH) 300; T.C.M. (RIA) 89209; May 2, 1989. Arthur W. Nelson, pro se. Lisa M. Oshiro, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter was assigned pursuant to the provisions of section 7443A of the Code and Rule 180. [1] It is before us on respondent's Motion to Dismiss for Failure to State a Claim, and his motion for damages. Respondent determined a deficiency in petitioner's Federal income *210 tax for 1984 in the amount of $ 1,926, together with the following additions to tax: Additions to Tax Sections
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
$ 481.50
$ 96.30
*
$ 121.03
Respondent's determination was based upon his inclusion in petitioner's gross income of $ 2,238 from the Annie Wright School and $ 11,844 in pension payments from the Office of Personnel Management. Petitioner, who resided at Tacoma, Washington, filed a form tax-protestor petition and amended petition which is well known to this Court. In it, he complained that respondent had failed to give him a meaningful hearing, that he was not a person subject to income tax, and that respondent had erroneously concluded petitioner was a U.S. citizen living abroad and the recipient of foreign earned income, and lastly that the income tax system is one of voluntary compliance and self-assessment. Respondent's Motion to Dismiss for Failure to State a Claim is well-taken. We note in particular that petitioner does not deny either the receipt of income from the Annie Wright School, the pension payments, or allege that he paid estimated *211 tax. Those are the issues in this case. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." Petitioner has failed to satisfy this standard in his petition. The facts upon which he relies are not facts, but rather are his theory of a legal basis for his claim. He has failed to assert any justiciable errors of law or fact in respondent's determinations. Further, Rule 34(b)(4) provides "Any issue not raised in the assignment of errors shall be deemed to be conceded." The determinations made by respondent in his notice of deficiency are presumed correct; the burden of proof is on petitioner (not respondent) to show those determinations are wrong, and the imposition of the burden of proof is constitutional. ; ; Rule 142(a). *212 We long ago held, faced with an onslaught of protestor petitions, that we intended to deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of petitioners by referring to the supposed "sincerity" of their wildly espoused positions. , affd. . We continue our adherence to that position in this case. Petitioner is dead wrong in his allegations, and if he desires the tax system changed, his recourse is to Congress, not this and other Courts. Petitioner has failed to state a claim upon which relief can be afforded. Respondent's motion to dismiss will be granted. We now turn to respondent's motion for an award of damages under the provisions of section 6673. Petitioner's position in both his original petition and his amended petition is frivolous and groundless. Faced with respondent's motions, he chose not to file objections thereto although he was notified by the Clerk of this Court that he was entitled to do so. Accordingly, we have determined in our discretion to award damages to *213 the United States under section 6673 in the amount of $ 1,000. An order dismissing the petition and awarding damages will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on $ 1,926↩